NO. 07-05-0134-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 19, 2006
_____

SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY,

Appellant

v.

GERY FRANKLIN, as next friend of ZACHARY WALKER, a minor,

Appellee
_____

FROM THE 286th DISTRICT COURT OF HOCKLEY COUNTY;

NO. 04-08-19,676; HON. H. BRYAN POFF, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

This case involves cross motions for summary judgment.  The motion of Southern Farm Bureau Casualty Insurance Company (Farm Bureau) was denied while that of Gery Franklin, as next friend of Zachary Walker (Zachary), a minor, was granted.  Among the various issues urged by Farm Bureau, we address only that involving whether the term "bodily injury" contained in an underinsured motorist policy encompassed claims for mental

anguish asserted through a bystander liability cause of action. Following Supreme Court precedent, we hold that it does not and reverse the summary judgment.

As previously alluded to, Zachary witnessed his mother incur injury in an auto accident. Thereafter, he made a claim for mental anguish upon Farm Bureau via an underinsured motorist policy acquired by his mother from that insurer. Farm Bureau denied coverage. Via its supplemental motion for summary judgment, it asserted, among other things, that the policy simply obligated it to recompense Zachary for "bodily injury" and that mental anguish was not such injury. We agree on the basis of the Texas Supreme Court's opinion in *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819 (Tex. 1997).

In *Trinity*, the court held that the phrase "bodily injury" appearing in an insurance policy does not encompass purely emotional injuries such as mental anguish, unless the policy states otherwise. *Id.* at 823. That decision binds us and controls the outcome here. So, because 1) Farm Bureau contracted only to recompense Zachary for "bodily injury," 2) the policy at issue failed to define that phrase as including emotional or mental injury, and 3) Zachary sought (via his bystander liability claim) recovery solely for mental anguish, Farm Bureau was entitled to judgment as a matter of law.

Accordingly, we reverse the summary judgment granting Zachary recovery against Farm Bureau and render judgment declaring that Zachary take nothing against Farm Bureau upon his claim of bystander liability.

Brian Quinn
Chief Justice

2